IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| EAGLE PIPE, LLC,[1] | § § | Case No. 20-34879 (MI) |
| Debtor. | § § | |

**ORDER (I) AUTHORIZING THE DEBTOR TO (A) PAY PREPETITION
WAGES, SALARIES, EMPLOYEE BENEFITS, AND OTHER COMPENSATION
AND (B) MAINTAIN EMPLOYEE BENEFIT PROGRAMS, AND
(II) DIRECTING FINANCIAL INSTITUTIONS TO RECEIVE,
PROCESS, HONOR, AND PAY ALL CHECKS PRESENTED
FOR PAYMENT AND TO HONORS ALL FUND
<u>TRANSFER REQUESTS RELATED THERETO</u>**
[Relates to Docket No. ___]

Upon the *Debtor's Emergency Motion for Entry of an Order (I) Authorizing the Debtor to (A) Pay Prepetition Wages, Salaries, Employee Benefits, and Other Compensation and (B) Maintain Employee Benefit Programs, and (II) Directing Financial Institutions to Receive, Process, Honor, and Pay all Checks Presented for Payment and to Honor all Fund Transfer Requests Related Thereto* (the "<u>Motion</u>")[2] filed by the above-captioned Debtor and Debtor-in-Possession (the "<u>Debtor</u>"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estates, its creditors, and other parties in interest; and it appearing that notice of the Motion was appropriate under the circumstances and that no other notice need be provided; and having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing conducted on

---

[1] The last four digits of Debtor's federal tax identification number are (1119).

[2] All capitalized terms no defined herein shall have the meaning ascribed to them in the Motion.

013017.4846-5992-1353.4

2

October 7, 2020 (the "Hearing"); and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Debtor is authorized to continue and/or modify, change, discontinue the employee compensation and benefits and to implement new programs, policies, and benefits, in the ordinary course of business during this chapter 11 case and without the need for further Court approval, subject to applicable law; *provided* that the Debtor shall provide notice to the U.S. Trustee, U.S. Bank and any statutory committee appointed in this chapter 11 case of any material changes or modifications to the employee compensation and benefits and any new programs, policies, and benefits. For the avoidance of doubt, except as expressly set forth herein, nothing in this Order should be construed as authorizing any payments on account of employee compensation and benefits that are outside the ordinary course of business without court approval.

2. The Debtor is authorized in its discretion, to pay and honor prepetition amounts related to the employee compensation and benefits programs.

3. Notwithstanding anything herein to the contrary, nothing herein shall be deemed to authorize any prepetition or postpetition payments or transfers on account of any bonus, incentive, retention, or severance plan, in each case to the extent such payments are made to "insiders" and are subject to section 503(c) of the Bankruptcy Code; *provided, however*, that nothing herein shall prejudice the Debtor's ability to seek authorization to make any payments or transfers that are subject to section 503(c) of the Bankruptcy Code pursuant to a separate motion or any parties' right to object to such motion.

4. The Debtor shall maintain a matrix or schedule of amounts paid pursuant to the Benefits Program, subject to the terms and conditions of this Order, including the following information: (a) the title of the claimant paid; (b) the amount of the payment to such claimant; (c)

the total amount paid to the claimant to date; (d) the payment date; and (e) the purpose of such payment; *provided, however,* that the Debtor is not required to report its normal bi-weekly payroll and benefits payments. The Debtor shall provide a copy of such matrix or schedule to the U.S. Trustee and any statutory committee appointed in this chapter 11 case every 30 days beginning upon entry of this Order.

5. Notwithstanding the relief granted in this Order and any action taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtor's or any other party in interest's rights to dispute any claim; (c) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (d) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; or (e) a waiver of any claims or causes of action which may exist against any entity.

6. The banks and financial institutions on which checks are drawn or electronic payment requests made in payment of prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Order.

7. The Debtor is authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of checks or fund transfer requests that are dishonored as a consequence of this chapter 11 case with respect to prepetition amounts owed in connection with any employee compensation and benefits.

8. Notwithstanding anything to the contrary contained herein, the relief granted in this Order and any payment to be made hereunder shall be subject to the terms of any orders granting the use of cash collateral approved in this chapter 11 case (including with respect to any budgets governing or relating to such use), and to the extent there is any inconsistency between the terms of such cash collateral orders and any action taken or proposed to be taken hereunder, the terms of such cash collateral orders shall control.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules for the Southern District of Texas are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed _____, 2020.**

**Marvin Isgur**
**United States Bankruptcy Judge**

013017.4846-5992-1353.4