Gray Reed Draft 10/8/2020 – Subject to FRE 408

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re:<br><br>EAGLE PIPE, LLC,[1]<br><br>Debtor. | § § § § § § § | Chapter 11<br><br>Case No. 20-34879 (MI) |

**ORDER APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE
DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS**
**[Relates to Docket No. __]**

Upon the motion (the "Motion"),[2] filed by Eagle Pipe, LLC, the above-captioned debtor and debtor in possession (the "Debtor"), for entry of an order pursuant to 11 U.S.C. §§ 363 and 365 and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure approving (a) the proposed sale of substantially all of the Debtor's assets under the terms of a proposed purchase and sale agreement (the "APA"), a true and correct copy of which is attached hereto as **Exhibit 1**, free and clear of all liens, claims, and interests (other than the Assumed Liabilities set forth in the APA), and (b) the assumption and assignment of executory contracts and unexpired leases of the Debtor as may be requested by the Successful Bidder and the proposed cure amounts with respect thereto (the "Cure Amount"), all as more fully set forth in the Motion; and the Court being satisfied that the relief requested in the Motion is necessary and in the best interests of the Debtor and its estate; and it appearing that sufficient notice of the Motion has been given, and that no other or further notice is required; and this Court having reviewed the Motion and having considered the evidence and arguments presented at hearing on November 30, 2020 (the "Sale Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Sale

---

[1] The last four digits of Debtor's federal tax identification number are (1119).
[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Motion.

4827-6945-5054.1

Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds as follows:[3]

    A.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

    B.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

    C.     The relief requested in the Motion is in the best interests of the Debtor and its estate, creditors, and other parties in interest.

    D.     Proper, timely, adequate, and sufficient notice of (a) the Motion; (b) the auction held on November 20, 2020 (the "Auction") pursuant to the Bid Procedures Order (as defined below); (c) the sale of the Assets (as defined below) to Buyer (as defined below) pursuant to (i) the bidding procedures authorized by the Court in the Bid Procedures Order (the "Bidding Procedures") and (ii) the APA and the transactions contemplated in connection therewith (the "Sale"); (d) the assumption and assignment to the Buyer of certain executory contracts and unexpired leases as described and identified more fully in the APA (the "Assumed Contracts"); (e) the Cure Amounts; (f) the Sale Hearing; and (g) all deadlines related thereto, has been provided by the Debtor in its (i) *Notice of Bid Deadline, Auction, and Sale Hearing* [Docket No. __] (the "Sale Notice"), (ii) the Cure Notice (as defined below), and (iii) the Notice of Successful Bidder (as defined below), as relevant, in accordance with sections 102(1), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9007, 9008, and 9014, and in compliance with the *Order (A) Approving Bidding Procedures and Certain Bid Protections, (B) Scheduling Bid Deadline, Auction Date, and Sale Hearing and Approving Form and Manner of Notice Thereof, and (C) Approving Cure Procedures and the Form and Manner of Notice Thereof* [Docket

---

[3] The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

No. __] (the "Bid Procedures Order"), to each party entitled thereto. A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities.

E.      The Debtor further filed with the Court and served upon the non-Debtor counterparties to the Assumed Contracts a *Notice of Executory Contracts and Unexpired Leases Subject to Possible Assumption and Assignment and Proposed Cure Amounts*, identifying, among other things, the Cure Amounts [Docket No. __] (the "Cure Notice"), in accordance with the Bid Procedures Order. The service of the Cure Notice was sufficient under the circumstances and in full compliance with the Bid Procedures Order, and no further notice need be provided in respect of the Debtor's assumption and assignment to the Buyer of the Assumed Contracts, the Cure Amounts, or the Sale. All non-Debtor counterparties to the Assumed Contracts have had an adequate opportunity to object to the assumption and assignment of the Assumed Contracts and the Cure Amounts.

F.      The notice described in the foregoing paragraphs is good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the Sale (and the transactions contemplated in connection therewith), the assumption and assignment to the Buyer of the Assumed Contracts, the Cure Amounts, the Sale Hearing, and all deadlines related thereto, is or shall be required.

G.      The assets being sold to Buyer (the "Assets" as defined in the APA), as more fully described in the APA, including all schedules attached thereto and all other documents contemplated thereby, collectively, the "APA") between the Debtor and [•] (the "Buyer"), constitute property of the Debtor's bankruptcy estate and title thereto is vested in the Debtor's estate, within the meaning of section 541 of the Bankruptcy Code.

H.  The Sale is duly authorized pursuant to sections 363(b)(1) and 363(f) of the Bankruptcy Code and Bankruptcy Rule 6004(f). As demonstrated by (i) the testimony and other evidence adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, the Debtor has marketed the Assets and conducted all aspects of the sale process at arms' length, in good faith, and in compliance with the Bidding Procedures and Bid Procedures Order. The marketing process undertaken by the Debtor and its professionals, agents, and other representatives with respect to the Assets has been adequate and appropriate and reasonably calculated to maximize value for the benefit of all stakeholders. The Bidding Procedures were duly noticed, were substantively and procedurally fair to all parties, and the Auction was conducted in a diligent, non-collusive, fair, and good faith manner. The APA constitutes the highest and best offer for the Assets.

I.  The Bid Deadline passed on November 16, 2020 at 4:00 p.m. Central Time in accordance with the Bidding Procedures and Bid Procedures Order. The Debtor conducted the Auction commencing at 10:00 a.m. Central Time on November 20, 2020 in accordance with the Bidding Procedures and Bid Procedures Order. At the conclusion of the Auction, the Debtor determined in a valid and sound exercise of its business judgment that the transactions contemplated by the APA were the highest or otherwise best bid and, therefore, Buyer's bid was designated as the successful bid (the "Successful Bid"). On November [24], 2020, the Debtor filed its *Notice of Successful Bidders* [Docket No. __] (the "Notice of Successful Bidder"), identifying the Buyer as the Successful Bidder for the Assets in accordance with the Bid Procedures Order. As established by the record of the Sale Hearing, the Debtor and the Buyer have complied with the Bid Procedures Order in all material respects. The Bidding Procedures and the Auction

afforded a full, fair, and reasonable opportunity for any entity or person to make a higher or otherwise better offer to purchase the Assets.

J. The Debtor (i) has full corporate power and authority to execute the APA, and the Sale by the Debtor to the Buyer has been duly and validly authorized by all necessary corporate action, (ii) has all of the corporate power and authority necessary to consummate the Sale and all transactions contemplated by the APA, (iii) has taken all corporate action necessary to authorize and approve the APA and the consummation by the Debtor of the Sale and all transactions contemplated thereby, and (iv) requires no consents or approvals that have not been obtained, other than the Court's entry of this Order and those expressly provided for in the APA to consummate such transactions.

K. Approval of the APA and consummation of the Sale are in the best interests of the Debtor, its creditors, estate, and other parties in interest.

L. The Debtor has demonstrated both (i) good, sufficient, and sound business purposes and justifications and (ii) compelling circumstances for this Court to approve the APA and consummation of the Sale pursuant to section 363(b) of the Bankruptcy Code prior to and outside of a plan of reorganization because of the Debtor's current financial position.

M. The APA was negotiated, proposed, and entered into by the Debtor and the Buyer without collusion, in good faith, and on an arms'-length basis. Neither the Debtor, nor the Buyer, nor any affiliate of the Buyer, has engaged in any conduct that would cause or permit the APA to be avoided under section 363(n) of the Bankruptcy Code.

N. The Buyer is a good-faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.

5

4827-6945-5054.1

O. The Buyer is not an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code.

P. The consideration provided by the Buyer for the Assets pursuant to the APA is (a) reasonably equivalent value under the Bankruptcy Code and any Uniform Fraudulent Transfer Act, (b) fair consideration under any Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent value, fair consideration, fair salable value, and fair value under any such laws as applicable or any other applicable laws of the United States, any state, territory, or possession thereof, or the District of Columbia.

Q. As of the Closing, pursuant and subject to the terms of the APA, the transfer of the Assets and the Sale will effect a legal, valid, enforceable, and effective transfer of the Assets and will vest the Buyer with all of the Debtor's right, title, and interest in the Assets, free and clear of all Liens, claims, encumbrances, and other interests of any kind or nature whatsoever.

R. The Buyer is hereby substituted for all purposes as a party to all Assumed Contracts in the place of the Debtor. Buyer shall have any and all rights and benefits of the Debtor under all such Assumed Contracts without interruption or termination of any kind, and all terms applicable to the Debtor shall apply to the Buyer as if such Assumed Contracts were amended to replace the Debtor with the Buyer.

S. The Buyer would not have entered into the APA and would not have consummated the Sale, thus adversely affecting the Debtor, its estate, and creditors, if both (i) the Sale and (ii) the assumption and assignment of the Assumed Contracts to the Buyer were not free and clear of all Liens, claims, encumbrances, and other interests of any kind or nature whatsoever.

T. The Debtor may sell the Assets free and clear of all Liens, claims, encumbrances, and other interests of any kind or nature whatsoever, because, in each case, one or more of the

standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been satisfied. All parties in interest, including, without limitation, any holders of Liens, claims, encumbrances, and other interests and any other non-Debtor counterparties to the Assumed Contracts, that did not object, or who withdrew its objection, to the Sale, the Motion, the assumption and assignment of the applicable Assumed Contract, or the associated Cure Amount have consented to the relief granted herein pursuant to section 363(f)(2) of the Bankruptcy Code. Those (x) holders of Liens and (y) non-Debtor parties to Assumed Contracts who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Liens, if any, attach to the portion of the net Sale proceeds ultimately attributable to the property against or in which they assert an interest, in the order of their priority, with the same validity, force, and effect that they now have as against such property, subject to any claims and defenses the Debtor may possess with respect thereto.

U. Neither the Buyer nor any of their affiliates are successors to the Debtor or its estate by reason of any theory of law or equity, and neither the Buyer nor any of their affiliates shall assume or in any way be responsible for any liability or obligation of the Debtor and/or its estate, except as otherwise expressly provided in the APA.

V. The Debtor has demonstrated that the assumption and assignment of the Assumed Contracts to the Buyer in connection with the consummation of the Sale is an exercise of the Debtor's sound business judgment and is in the best interests of the Debtor, its estate and creditors, and other parties in interest. The Assumed Contracts being assigned to the Buyer are an integral part of the APA and the Sale and, accordingly, the assumption and assignment of the Assumed Contracts is reasonable and enhances the value of the Debtor's estate. Any non-Debtor counterparty to an Assumed Contract that has not actually filed with the Court an objection to such

assumption and assignment in accordance with the terms of the Bid Procedures Order and Cure Notice is deemed to have consented to such assumption and assignment.

      W.      The Debtor and the Buyer, as applicable under the APA, have, including by way of entering into the APA, and agreeing to the provisions relating to the Assumed Contracts therein, (i) cured, or provided adequate assurance of cure, of any default existing prior to the date hereof under any of the Assumed Contracts, within the meaning of section 365(b)(l)(A) of the Bankruptcy Code, and (ii) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assumed Contracts, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code, and the Buyer has, based upon the record of these proceedings, provided adequate assurance of its future performance of and under the Assumed Contracts, within the meaning of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code.  No default exists in the Debtor's performance under the Assumed Contracts as of the Closing Date other than the failure to pay Cure Amounts or defaults that are not required to be cured as contemplated in section 365(b)(1)(A) of the Bankruptcy Code. The Buyer's promise under the APA to perform the obligations under the Assumed Contracts after the Closing shall constitute sufficient adequate assurance of future performance under the Assumed Contracts being assigned to the Buyer within the meanings of sections 365(b)(1)(C) and (f)(2)(B) of the Bankruptcy Code.  The Cure Amounts are hereby found to be the sole amounts necessary to cure any and all defaults under the Assumed Contracts under section 365(b) of the Bankruptcy Code.

      X.      Time is of the essence in consummating the Sale.  The consummation of the Sale as soon as practicable is necessary both to preserve and maximize the value of the Debtor's assets for the benefit of the Debtor, its estate, creditors, interest holders, and all other parties in interest

in the chapter 11 case, and to provide the means for the Debtor to maximize creditor and interest holder recoveries. Accordingly, there is cause to waive the stays contemplated by Bankruptcy Rules 6004 and 6006.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Sale contemplated in the Motion and the APA is approved as set forth in this Sale Order. Any objections that have not been previously resolved or withdrawn are overruled on the merits.

### Approval of the APA

2. The APA, and all other ancillary documents, including all of the terms and conditions thereof, is hereby approved.

3. Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is authorized and directed to execute and deliver, perform under, consummate, implement, comply with, and close fully the APA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA and the Sale, and consummate the Sale pursuant to and in accordance with the terms and conditions of the APA. The Debtor is further authorized to pay, without further order of this Court, whether before, at, or after the Closing, any expenses or costs that are required to be paid in order to consummate the transactions contemplated by the APA or perform their obligations under the APA.

4. The Debtor is authorized and directed to execute and deliver, and empowered to perform under, consummate, and implement, the APA, together with all additional instruments, documents, and other agreements that may be reasonably necessary or desirable to implement the APA, and to take all further actions as may be reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer or reducing to

4827-6945-5054.1

possession, the Assets, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the APA.

5.  This Order and the APA shall be binding in all respects upon the Debtor and its estate, successors, and assigns, all creditors of and equity holders in the Debtor, and any and all other parties in interest, including, without limitation, any and all holders of Liens, claims, encumbrances, and other interests (including holders of any rights or claims based on any putative successor or transferee liability) of any kind or nature whatsoever in the Assets, all non-Debtor parties to the Assumed Contracts, and any trustee or successor trustee appointed in this chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code.  The APA and the Sale are not subject to rejection or avoidance (whether through any avoidance or recovery, claim, action, or proceeding arising under chapter 5 of the Bankruptcy Code or under any similar state or federal Law or any other cause of action) by the Debtor, any chapter 7 or chapter 11 trustee of the Debtor's bankruptcy estate or any other person or entity.  The APA, this Order, and the Debtor's obligations therein and herein shall not be altered, impaired, amended, rejected, discharged, or otherwise affected by any joint chapter 11 plan proposed or confirmed in this bankruptcy case, any order confirming any joint chapter 11 plan, or any subsequent order of this Court without the prior written consent of the Buyer.  Nothing contained in any joint chapter 11 plan confirmed in this chapter 11 case or the confirmation order confirming any such chapter 11 plan shall conflict with or derogate from the provisions of the APA or this Order.  This Sale Order and the APA shall inure to the benefit of the Debtor, its estate, its creditors, the Buyer, and its respective successors and assigns.

6.  The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in a writing signed by both parties, and

in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate.

**Transfer of the Assets**

7.   Except as expressly permitted or otherwise specifically provided for in the APA or this Order, pursuant to sections 105(a), 363(b), 363(f), 365(b), 365(f) of the Bankruptcy Code or any other applicable section of the Bankruptcy Code, upon the Closing, the Assets shall be transferred to the Buyer, and such transfer shall constitute a legal, valid, binding, and effective transfer of the Assets free and clear of all Liens, claims, encumbrances, and other interests of any kind or nature whatsoever pursuant to section 363(f) of the Bankruptcy Code.  Upon the Closing, the Buyer shall take title to and possession of the Assets subject only to the Assumed Liabilities and Permitted Exceptions.

8.   Except as expressly permitted or otherwise specifically provided by the APA or this Order, all persons and entities (as defined in section 101(15) of the Bankruptcy Code), including, but not limited to, all lenders, debt security holders, equity security holders, governmental, tax, and regulatory authorities, parties to executory contracts and unexpired leases, creditors holding Liens or claims of any kind or nature whatsoever against or in the Debtor or any of the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated) arising under or out of, in connection with, or in any way relating to, the Debtor, the Assets, the operation of the Debtor's businesses prior to the Closing, or the transfer of the Assets to the Buyer, hereby are forever barred, estopped, and permanently enjoined from asserting any Liens or claims of any kind or nature whatsoever, against the Buyer and its successors, designees, assigns, or property, or the Assets conveyed in accordance with the

APA. On the Closing Date, each of the Debtor's creditors is authorized to execute such documents and take all other actions as may be deemed by the Buyer to be necessary or desirable to release Liens or claims on the Assets, if any, as provided for herein, as such Liens or claims may have been recorded or may otherwise exist. All persons and entities that are in possession of some or all of the Assets on the Closing Date are directed to surrender possession of such Assets to the Buyer or its assignee as of the Closing Date.

9. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Liens in the Assets conveyed pursuant to the APA and this Order has not delivered to the Debtor, prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens which the person or entity has with respect to the Assets or otherwise, then (a) the Debtor is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Assets, and (b) the Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Liens in the Assets of any kind or nature whatsoever.

10. In accordance with the terms of the *Final Order (I) Authorizing the Debtor to Use Cash Collateral; (II) Granting Adequate Protection; and (III) Granting Related Relief* [Docket No. __] (the "Final Cash Collateral Order"), the proceeds of the Sale are to be used to indefeasibly pay the Pre-Petition Secured Obligations (as such term is defined in the Final Cash Collateral Order) in cash, in full at the Closing of the Sale, with any excess proceeds to be held by the Debtor pending further orders of the Court.

4827-6945-5054.1

**Assumption and Assignment of Assumed Contracts**

11. The Debtor is hereby authorized to and shall, in accordance with sections 105(a) and 365 of the Bankruptcy Code, (a) assume the Assumed Contracts, (b) assign the Assumed Contracts to the Buyer, effective upon and subject to the occurrence of the Closing, free and clear of all Liens, claims, encumbrances, and other interests of any kind or nature whatsoever, which Assumed Contracts by operation of this Order shall be deemed assumed and assigned effective as of the Closing, and (c) execute and deliver to the Buyer such documents or other instruments as may be necessary to assign and transfer the Assumed Contracts to the Buyer. The Buyer's assumption on the terms set forth in the APA of the Assumed Contracts is hereby approved, and all requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption and assignment of the Assumed Contracts by the Debtor to the Buyer have been satisfied.

12. Any provisions in any Assumed Contract that prohibit or condition the assignment of such Assumed Contract on the consent of the non-Debtor counterparty thereto or allow the non-Debtor party to such Assumed Contract to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Assumed Contract, shall constitute unenforceable anti-assignment provisions that are void and of no force and effect.

13. Upon assignment to the Buyer, (i) the Assumed Contracts shall remain in full force and effect for the benefit of the Buyer in accordance with their respective terms, notwithstanding any provision in any such Assumed Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, limits, or conditions such assignment or transfer and (ii) in accordance with sections 363 and 365 of the Bankruptcy Code,

the Buyer shall be fully and irrevocably vested in all right, title, and interest of the Debtor in each Assumed Contract free and clear of Liens, claims, encumbrances, and other interests of any kind or nature whatsoever.

14. The Buyer is hereby substituted for all purposes solely related to the Assets as a party to all Assumed Contracts in the place of the Debtor, and the Buyer shall have any and all rights and benefits of the Debtor related to the Assets under all such Assumed Contracts without interruption or termination of any kind, and all terms applicable to the Debtor solely related to the Assets shall apply to the Buyer as if such Assumed Contracts were amended to replace the Debtor with the Buyer.

15. All defaults or other obligations of the Debtor under the Assumed Contracts arising prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) as to which no objections were interposed and remain pending as of the date of this Order are deemed satisfied by the payment of the proposed amount necessary, if any, to cure all monetary defaults, if any, under such Assumed Contract in those amounts set forth in **Exhibit 2** attached hereto (the "Cure Amounts") and in the Cure Notice, which was served in compliance with the Bid Procedures Order, and which were satisfied, or shall be satisfied as soon as practicable, as provided in the APA. For all Assumed Contracts for which a Cure Notice was served, the Debtor or the Buyer, as applicable under the APA, are authorized and directed to pay all Cure Amounts required to be paid by such parties in accordance with the APA upon the later of (a) the Closing or (b) for any Assumed Contract for which an objection has been filed to the assumption and assignment of such agreement or the Cure Amounts relating thereto and such objection remains pending as of the date of this Order, the resolution of such objection by settlement or order of this Court.

4827-6945-5054.1

16. Each non-Debtor party to an Assumed Contract is hereby forever barred, estopped, and permanently enjoined from asserting against the Debtor, the Buyer, or any of their affiliates, or the property of any of them, any default, breach, claims of pecuniary losses existing as of the Closing or by reason of Closing, action, liability, or other cause of action existing as of the date of the Sale Hearing whether asserted or not, or, against the Buyer or any of their affiliates, any counterclaim, defense, setoff or any other claim asserted or assertable against the Debtor. Each non-Debtor party to an Assumed Contract is hereby forever barred, estopped, and permanently enjoined from asserting any objection to the assumption and assignment of such non-Debtor party's Assumed Contract, including, without limitation, that its consent is necessary for such assumption and assignment.

**Additional Provisions**

17. This Order (a) shall be effective as a determination that, upon the Closing, all Liens, claims, encumbrances, and other interests of any kind or nature whatsoever existing as to the Assets prior to the Closing have been unconditionally released, discharged, and terminated and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, foreign, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to, the Assets.

18. At any time prior to the Closing, Buyer may assign the APA or its rights thereunder to one or more of its affiliates, which shall be entitled to assume and accede to the APA and to

purchase and acquire any or some of the Assets in lieu of Buyer, and such affiliate(s) shall be deemed to be Buyer for all purposes under this Order.

19. Neither the Buyer nor any of its affiliates are or shall be deemed, as a result of the consummation of the Sale contemplated herein, to: (a) be legal successors to the Debtor or its estate by reason of any theory of law or equity, (b) an affiliate of the Debtor, (c) have, *de facto* or otherwise, merged with or into the Debtor, or (d) be an alter ego or a mere continuation or substantial continuation or successor of the Debtor in any respect.  Except as expressly permitted or otherwise specifically provided for in the APA or this Order, neither the Buyer nor any of its affiliates shall (i) assume or in any way be responsible for any liability or obligation of any of the Debtor and/or its estate or (ii) have any liability or responsibility for any liability or other obligation of the Debtor arising under or related to the Assets or otherwise.  Without limiting the generality of the foregoing, and except as otherwise specifically provided herein and in the APA, the Buyer and its affiliates shall not be liable for any claims against the Debtor or its predecessors or affiliates, and the Buyer and its affiliates shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of warranty, product liability, environmental, successor or transferee liability, labor law, *de facto* merger, or substantial continuity, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of the Debtor's businesses prior to the Closing.

20. Following the Closing, no holder of a Lien in the Assets shall interfere with the Buyer's title to or use and enjoyment of the Assets based on or related to such Lien, or any actions that the Debtor may take in this chapter 11 case or any successor case.

21. This Court retains jurisdiction to enforce and implement the terms and provisions of the APA, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to: (a) compel delivery of the Assets or performance of other obligations owed to the Buyer; (b) resolve any disputes arising under or related to the APA, except as otherwise provided therein; (c) interpret, implement, and enforce the provisions of this Order; and (d) protect the Buyer and its affiliates against (i) any Liens in the Debtor or the Assets of any kind or nature whatsoever and (ii) any creditors or other parties in interest regarding the turnover of the Assets that may be in their possession.

22. The so-called "bulk sale" laws or any similar law of any applicable state or other jurisdiction are waived or inapplicable to the Sale.

23. Except as otherwise expressly provided in the APA, the Buyer shall have no Liability to pay wages, bonuses, severance pay, benefits (including, without limitation, contributions or payments on account of any under-funding with respect to any and all pension plans), or any other payment with respect to employees or former employees of the Debtor. Except as otherwise expressly provided in the APA, the Buyer shall have no Liability with respect to any collective bargaining agreement, employee pension plan, employee welfare or retention, benefit and/or incentive plan to which the Debtor are parties and relating to the Assets (including, without limitation, arising from or related to the rejection or other termination of any such agreement), and Buyer shall in no way be deemed a party to or assignee of any such agreement, and no employee of Buyer shall be deemed in any way covered by or a party to any such agreement, and except as otherwise expressly provided in the APA, all parties to any such agreement are hereby enjoined from asserting against Buyer any and all Claims arising from or relating to such agreement.

24. The failure to specifically include any particular provision of the APA or other related documents in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the APA and other related documents be authorized and approved in their entirety.

25. To the extent of any conflict between the APA and this Order, the terms and provisions of this Order shall govern.

26. The provisions of this Order are non-severable and mutually dependent.

27. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall be effective and enforceable immediately upon entry and their provisions shall be self-executing. In the absence of any entity obtaining a stay pending appeal, the Debtor and the Buyer are free to close the Sale under the APA in accordance with their terms at any time.

**Signed _____, 2020.**

                                                   **Marvin Isgur**
                                       **United States Bankruptcy Judge**

Gray Reed Draft 10/8/2020 – Subject to FRE 408

## Exhibit 1

**APA**

4827-6945-5054.1

Gray Reed Draft 10/8/2020 – Subject to FRE 408

## **Exhibit 2**

**Schedule of Assumed Contracts**