IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. 20-34879 |
| EAGLE PIPE, LLC | |
| DEBTORS | CHAPTER 11 |

**TEXAS TAXING AUTHORITIES' OBJECTION TO THE DEBTORS' INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF**
[REL DOC 32]

TO THE HONORABLE BANKRUPTCY JUDGE:

NOW COMES Midland Central Appraisal District, Texas, and Taylor County Central Appraisal District, Texas (hereinafter, referred to as "Texas Taxing Authorities") are secured creditors in the above bankruptcy case, and files this Objection to the Debtors' Interim Order (I) Authorizing Debtors to Use Cash Collateral; (II) Granting Adequate Protections; (III) Scheduling a Final Hearing; and (IV) Granting Related Relief on the following grounds:

1. The Texas Taxing Authorities are political subdivisions of the State of Texas authorized to assess and collect ad valorem taxes pursuant to the laws of the State. The Texas Taxing Authorities have filed secured claims for 2020 ad valorem taxes estimated to be $101,538.53.

2. As of January 1, 2020, liability arose and a senior lien attached to the business personal property of the Debtors for the 2020 taxes.

3. The Texas Taxing Authorities object to the Interim Order to the extent that the pre and post-petition liens are being primed. The Texas Taxing Authorities object to the entry of any interim or final order that purports the superior lien position of the Texas Taxing

Authorities. The tax liens arise on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v Cornerstone Bank, 879 S. W. 2d 264 (Tex. App. –Dallas 1994). The tax liens are *in solido* and a lien on all personal property of the Debtor. <u>See In re Universal Seismic</u>, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. <u>See In re: Winns Store</u>, 177 B.R. 253 (Bankr. W.D. Tex. 1995)

4. The Interim Order also does not adequately protect the tax liens and claims as required by 11 U.S.C. § 363 (e). The proceeds from the sale of the Texas Taxing Authorities' collateral constitutes their cash collateral, and they object to the use of the collateral to pay any other creditors of this estate. Pursuant to 11 U.S.C. § 363(c) (4), absent consent by the Texas Taxing Authorities or an order of the Court permitting use of the cash collateral, the Debtor "shall segregate and account for any cash collateral" in its possession. Accordingly, absent consent, a segregated account must be established from the sale proceeds to comply with the requirement of § 363(c) (4).These proceeds from the sale constitute the Texas Taxing Authorities' collateral and should not be distributed to any other party unless and until its claims, including any interest thereon as allowed under 11 U.S.C. §§ 506(b), 511 and 1129, are paid in full.

5. The inclusion of the following language in the Interim or Final Order authorizing the Debtor to use cash collateral would be adequate to enable the Claimants to withdraw its Objection to this Interim Order:

    a. Notwithstanding any other provisions included in the Final Order, or any agreements approved hereby, any statutory liens (collectively, the "Tax Liens"), of the Texas Taxing Authorities shall not be primed by nor made subordinate to any liens granted to any party hereby to the extent such Tax Liens are valid, senior, perfected, and unavoidable, and all parties' rights to object to the priority, validity, amount, and extent of the claims and liens asserted by the Texas Taxing Authorities

2

are fully preserved. From the proceeds of the sale of any of the Debtors' assets located in the state of Texas, the amount of $101,538.53 shall be set aside by the Debtors in a segregated account as adequate protection for the asserted secured claims of the Texas Taxing Authorities prior to the distribution of any proceeds to any other creditor. The liens of Texas Taxing Authorities, if any, shall attach to these proceeds to the same extent and with the same priority as the liens they now hold against the property of the Debtors. These funds shall be on the order of adequate protection and shall constitute neither the allowance of the claims of the Texas Taxing Authorities, nor a cap on the amounts they may be entitled to receive.

WHEREFORE, The Texas Taxing Authorities object to The Interim Order and request this Court to order appropriate provisions to assure the protection of the position of their secured tax claims and further request other such relief as is just and proper.

Dated: October 19, 2020

                                        Respectfully submitted,
                                        MCCREARY, VESELKA, BRAGG & ALLEN, P.C.

                                        */s/Tara LeDay*
                                        Tara LeDay
                                        State Bar Number 24106701
                                        P.O. Box 1269
                                        Round Rock, Texas 78680
                                        Telephone: (512) 323-3200
                                        tleday@mvbalaw.com

                                        *Attorneys for Texas Taxing Authorities*

## CERTIFICATE OF SERVICE

I hereby certify that the above Objection to The Interim Order has been served upon the following parties on the Service List as well as all parties receiving the Court's ECF service on October 19, 2020, by Electronic Notification.

*/s/Tara LeDay*
Tara LeDay

**Debtor:**
**Eagle Pipe, LLC**
9525 Katy Freeway
Suite 306
Houston, TX 77024

**Debtors Attorney's:**
**Jason S Brookner**
Gray Reed & McGraw LLP
1601 Elm Street
Suite 4600
Dallas, TX 75201

**U.S. Trustee:**
**Hector Duran, Jr**
U.S. Trustee
515 Rusk
Ste 3516
Houston, Tx 77002

**Stephen Douglas Statham**
Office of US Trustee
515 Rusk
Ste 3516
Houston, TX 77002