IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| EAGLE PIPE, LLC, | § § § | CASE NO. 20-34879 (MI) |
| | § § | CHAPTER 11 |
| DEBTORS. | § § | |

**OBJECTION OF OFFICIAL UNSECURED CREDITORS COMMITTEE TO (I) MOTION TO USE CASH COLLATERAL AND (II) MOTION TO ESTABLISH BID PROCEDURES (RE: DOCKET NOS. 16 AND 55)**

**TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE:**

The Official Unsecured Creditors Committee (the "Committee") files this objection to the Debtor's motion to use cash collateral, etc. (Docket No. 16) and the Debtor's motion to establish bid procedures, etc. (Docket No. 55), and in support thereof would show to the Court the following.

1.  The Committee has largely worked through with the Debtor and other parties the proposed forms of order for the use of cash collateral and the proposed sale process. Aside from the text of the orders, the Committee possesses substantial concerns regarding the overall timing of the sale process and particularly the relationship between the timing of the proposed sale process and the extent to which the cash burn of the Debtor (purportedly) prevents a longer process and fuller exposure of the Debtor to the market. Accordingly, for the time being, the Committee objects to the proposed budget, the deadline for competing bids, and consequently the timing of events subsequent to the competing bid deadline.

2.  The Committee believes that the sale process should be extended in order to provide sufficient time to add typical and/or necessary information to the data room, to

accommodate adequate time for diligence by competing bidders, and then the possibility that competing bidders will require time to arrange financing.  The stalking horse bidder, potentially aided by the apparent insider relationship, appears to have had the luxury of time for diligence and financing, with ease of access to information.  Competing bidders to a meaningful extent should enjoy the same advantages.

3. The Debtor is likely to report a significant number of nondisclosure agreements executed by interested parties and a number of entrants into the data room, but such preliminary activity is not a substitute for an adequately stocked data room which will avoid delays, for example, in meeting diligence requests by competing bidders and facilitate competing bidders in arranging any necessary financing.

4. The Debtor represents that the timing of the sale process ultimately is driven by limited cash resources, and that elongating the sale process is not possible.  At this time, the Committee unfortunately is unable to fully evaluate such representations.  Specifically, the Committee's financial advisors lack the information supporting the proposed 13-week budget to assess whether the entirety of the cash burn is justified and/or to determine whether savings could be implemented to reduce any spend, and thus to provide additional time to potential competing bidders.

5. The Committee represents a wide cross-section of the same industry as the Debtor, and costs reductions are a fact of life in the present economic environment.  The Committee presently is uncertain whether the Debtor has made all of the tough choices that are necessary, prudent, and typical of the Debtor's peers.

6. Accordingly the Committee requests that final approval of the use of cash collateral and approval of the bid procedures (and the timing of the events of the sale process) be

delayed for 7-10 days so that the Debtor may complete the data room, supply the necessary information in support of the budget, and provide time so that the Committee may evaluate the matters addressed above and recommend an alternative timeline for the bid procedures and sale process.

## RESERVATION OF RIGHTS

7.      The Committee reserves the right to amend and/or supplement this objection at any time prior to or at the final hearing, particularly as more information is provided to or otherwise acquired by the Committee.

## CONCLUSION AND PRAYER

WHEREFORE, the Official Unsecured Creditors Committee respectfully requests that the Court pause final approval of the use of cash collateral the sale process as set forth above. The Committee respectfully requests such other and further relief to which the Committee is entitled at law or in equity.

*{continued on following sheet}*

Dated: October 29, 2020

Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: ___*/s/ Jeff Carruth*___
   JEFF CARRUTH (TX SBN:. 24001846)
   24 Greenway Plaza, Suite 2050
   Houston, TX 77046
   Telephone: (713) 341-1158
   Fax: (866) 666-5322
   E-mail: jcarruth@wkpz.com

PROPOSED ATTORNEYS
FOR THE OFFICIAL UNSECURED CREDITORS
COMMITTEE

1872862.DOCX

## CERTIFICATE OF SERVICE

    A copy of the foregoing item was served October 29, 2020 upon all registered ECF users who have appeared in the case to date, including the Debtor and the Lender.

    ___*/s/ Jeff Carruth*___
    JEFF CARRUTH