# EXHIBIT D

BAILEE AGREEMENT

This Bailee Agreement (this "Agreement") is entered into as of December 31, 2019 by and among **BOOMERANG TUBE, LLC.**, a Delaware Limited Liability Company located at 14567 North Outer Forty Road, Chesterfield, MO. 63017 ("Borrower"), **Beemac, Inc**, a Pennsylvania based corporation located at 2747 Legionville Rd. Ambridge, PA 15003 ("Bailee") and **FIFTH THIRD BANK**, an Ohio banking corporation ("Agent"), as agent for the benefit of the lenders, located at 38 Fountain Square Plaza, MD 10907P, Cincinnati, OH 45263.

## RECITALS

WHEREAS, Bailee is engaged in the business of processing, transporting, storing, warehousing or otherwise handling Materials (as defined below) and from time to time processes, transports, stores, warehouses or handles certain Materials (as hereinafter defined) owned by Borrower for Borrower;

WHEREAS, Borrower may, from time to time, deliver Materials to Bailee for processing, transport, storage, warehousing or handling of such Materials by Bailee on Borrower's behalf at all locations operated by Bailee where Materials are stored, including, without limitation, locations listed on Exhibit A, attached hereto and incorporated herein by reference; and

WHEREAS, Borrower has obtained, or is in the process of obtaining, one or more loans and other financial accommodations from Agent (such loans and other financial accommodations, together with all other present and future amounts that Borrower owes to Agent from time to time being herein referred to collectively as the "Loan"), as evidenced by various loan documents and security agreements (all such present and future loan documents and security agreements, as the same may be amended or restated from time to time, being referred to herein collectively as the "Loan Documents"). To secure the payment and performance of all of Borrower's obligations to Agent under the Loan Documents, Borrower has granted Agent a security interest in all of Borrower's now owned and hereafter acquired personal property and assets, including, without limitation, any and all goods, inventory, and other property now owned or hereafter acquired by Borrower and in the possession of Bailee (collectively, the "Materials").

NOW THEREFORE, in consideration of these premises and the terms and conditions set forth in this Agreement, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the parties hereto hereby agree as follows:

1. **Bailment Relationship: Title to Materials**.

   (a) Bailee acknowledges and agrees that (i) Bailee holds the Materials as a bailment (and not as a consignment) for the sole and express purpose of processing, transporting, storing, warehousing or handling the Materials pursuant to Borrower's specifications, (ii) title to the Materials shall at all times remain in Borrower, and (iii) notwithstanding any agreement between Borrower or Bailee, neither Bailee nor any creditor of Bailee shall have any right, security interest or property interest whatsoever in the Materials, including, but not limited to, any statutory lien for services, consensual security agreement or a lien of any kind, and Bailee hereby waives its right to any such interest in the Materials, other than as a Bailee.

(b) Bailee represents that it has not, and covenants that it shall not, at any time (i) use the Materials or any part thereof for any purpose other than the purpose described in Section 1(a) above, (ii) represent itself to any third party or parties as the owner of the Materials, or (iii) grant a security interest in, pledge, assign, mortgage, create or permit a lien or encumbrance upon any of the Materials or any item produced therefrom, or permit any levy, attachment or restraint to be made affecting the Materials.

(c) Bailee acknowledges Agent's security interest in the Materials and agrees that it will not assert against any of the Materials any lien, including, without limitation, any statutory or possessory liens, all of which Bailee hereby waives. Bailee further acknowledges that, at all times, it holds possession of the Materials for Agent's benefit.

(d) Bailee will notify Agent in writing if: (i) the processing of Borrower's goods at the premises has been terminated by Borrower; (ii) Borrower is more than sixty (60) days in arrears in any storage, processing or other charges payable to the Bailee; or (iii) Borrower defaults on its obligations to Bailee and, in such event, will allow Agent fifteen (15) days to cure or cause Borrower to cure such default. Notwithstanding the foregoing or anything to the contrary herein, except as provided in Section 2(b), Agent is under no obligation to cure any such defaults by Borrower.

(e) Bailee agrees that upon its receipt of any Materials, Bailee will cause all such Materials to be stored on its premises of Bailee, separate and apart from all other inventory and supplies belonging to Bailee or any third parties by use of a unique identification number. Bailee agrees to use reasonable means of notification, identifying the Materials as the property of Borrower.

2. **Prompt Delivery of Materials**.

(a) Subject to the terms contained in the Loan Documents, Agent may, with prior notice to Bailee, do any one or more of the following, all of which are hereby authorized by Bailee:

   (i) Require Bailee, in a manner acceptable to Borrower or Agent (as the case may be), to promptly return the Materials to Borrower, Agent or deliver them to any other party designated by Agent; or

   (ii) Exercise any or all other rights available to it pursuant to this Agreement, the Loan Documents, and/or pursuant to the Uniform Commercial Code and other applicable laws of the jurisdiction where the Materials are located or the laws governing this Agreement; or

   (iii) Require Bailee to process the Materials for the account of Agent (and not Borrower), on the same terms and for the same purposes as Borrower could have required, with any charges to accrue for the account of Agent from the last date paid by Borrower.

(b) Agent agrees that, should Agent exercise any of its rights as outlined in Section 2(a) above with respect to removal of Materials from Bailee's location, it will compensate Bailee for monies owed to Bailee pursuant to the agreement between Bailee and

        Borrower for the transporting and storing of materials then held by Bailee by the payment of applicable transport, processing, handling or storage charges in cash for the immediately preceding thirty (30) day period and any reasonable and customary charges resulting from services provided by Bailee and following written notice from Agent, pursuant to Section 2(a) above;

(c)   Under no circumstances is Agent ever obligated to reclaim Materials from Bailee. Should Agent elect not to reclaim said Materials, Agent has no obligation to pay any transport, processing, handling or storage charges to Bailee.

(d)   Upon receipt of notice pursuant to Section 2(a) above, Bailee will hold the Materials for the benefit of Agent with respect thereto, to the exclusion of any instructions from Borrower, until Agent notifies Bailee to the contrary.

3.   **Miscellaneous**.

    Whenever in this Agreement there is a reference to any of the parties hereto, such reference shall be deemed to include a reference to the successors and assigns of said party. The provisions of this Agreement shall be binding upon and inure to the benefit of the successors and assigns of Borrower, Bailee and Agent. Bailee shall not and cannot, unless otherwise consented to in writing by Borrower and Agent, assign this Agreement or any part of Bailee's performance hereunder, and any such attempted assignment shall be void. This Agreement shall be construed in all respects in accordance with and governed by the laws and decisions of the State of Ohio. Any notices provided under this Agreement shall be provided to such party at the address set forth in the preamble. All notices under this Agreement sent by FedEx or other overnight carrier shall be deemed received upon receipt and any notices sent via U.S. mail shall be deemed received within three (3) business days of sending. This Agreement may not be altered or amended except by an agreement in writing signed by the parties hereto. This Agreement may be executed in one or more counterparts, each of which will be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement. Each party to this Agreement agrees that the respective signatures of the parties may be delivered by fax, ".pdf," or other electronic means acceptable to the Agent and that the parties may rely on a signature so delivered as an original.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the parties have executed this document as of the date first above written.

BORROWER:

**BOOMERANG TUBE, LLC.,**
a Delaware limited liability company

By: _____
Name: David Bass
Title: Controller

BAILEE:

**Beemac, Inc,**
A Pennsylvania coporation

By: _____
Name: Richard S. Casoli
Title: Chief Operating Officer

AGENT:

**FIFTH THIRD BANK,**
an Ohio banking corporation

By: _____
Name: _____
Title: _____

## EXHIBIT A

Location: 2700 FM 307 Midland, TX 79701

BOOMERANG_10/30/20 HRG. EX._000041

IN WITNESS WHEREOF, the parties have executed this document as of the date first above written.

BORROWER:

**BOOMERANG TUBE, LLC.,**
 a Delaware limited liability company

By: _____
Name: _____
Title: _____


BAILEE:

**Beemac, Inc.**
 A Pennsylvania Corporation

By: _____
Name: _____
Title: _____


AGENT:

**FIFTH THIRD BANK,**
 an Ohio banking corporation

By: _/s/ Jason Rockwell_____
Name: Jason Rockwell
Title:   Vice President