**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EAGLE PIPE, LLC, | ) | Case No. 20-34879 |
| | ) | |
| Debtor. | ) | Judge Marvin Isgur |
| | ) | |

**LIMITED OBJECTION OF U.S. BANK NATIONAL ASSOCIATION'S TO DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GLASSRATNER ADVISORY & CAPITAL GROUP, LLC d/b/a B. RILEY ADIVSORY SERVICES AS FINANCIAL ADVISOR, EFFECTIVE AS OF OCTOBER 5, 2020 [DOC. 109]**

U.S. Bank National Association, as administrative agent (the "Administrative Agent"), by and through its undersigned counsel, hereby objects on a limited basis (this "Limited Objection") to the *Debtor's Application for Entry of an Order Authorizing the Retention and Employment of GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services as Financial Advisor, Effective as of October 5, 2020* (the "B. Riley Employment Application") [Doc. 109] filed by the Debtor Eagle Pipe, LLC (the "Debtor") through which the Debtor seeks to retain and employ GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services ("B. Riley") as the Debtor's financial advisor and to obtain approval of the terms of an engagement agreement between the Debtor and B. Riley (the "Engagement Letter"). The Administrative Agent objects to the approval of the Success Fee sought in the B. Riley Employment Application to the extent that allowance and payment of the Success Fee runs contrary to the terms of the Final Order (I) Authorizing the Debtor to Use Cash Collateral; (II) Granting Adequate Protection; and (III)

Granting Related Relief [Dkt. 98][1] and to the extent the calculation of the Success Fee is unclear.

In support of this Limited Objection, the Administrative Agent respectfully states as follows:

## OBJECTION

1. The Final Cash Collateral Order expressly provides:

> 10. <u>Carve-Out</u>. The Liens, the Replacement Lien, and the Superpriority Claim (each defined herein) granted herein are subject and subordinate in all respects to a carve-out (the "***Carve-Out***") in an amount equal to the sum of: (a) the budgeted fees and expenses of any professional retained by the Debtor and any statutory committee, (i) in amounts not to exceed the accrued amounts set forth in the Budget for such professionals through the occurrence of any Termination Event, plus the aggregate allowed fees and expenses for all estate professionals (including professionals for the Debtor and the Committee) incurred following the occurrence of any Termination Event in an aggregate amount not to exceed $250,000, inclusive of any amounts held on retainer by any such estate professional (including professionals of the Debtor and the Committee), and (ii) ***which fees and expenses shall not include any success fee, transaction fee or other performance or result-based compensation or consideration***; (b) quarterly fees required to be paid pursuant to 28 U.S.C. § 1930(a)(6); (c) any fees payable to the Clerk of the Bankruptcy Court and any agent thereof; and (d) fees and expenses incurred by a trustee under section 726(b) of the Bankruptcy Code, not to exceed any unused portion of the Committee Investigation Budget. Nothing herein shall prevent a party in interest from objecting to the allowance and payment of any such fees.

Final Cash Collateral Order at ¶ 10, emphasis added.

2. The Final Cash Collateral Order further provides:

> except to the extent of the Carve-Out, no costs or expenses of administration of the Chapter 11 Case or any future proceeding that may result therefrom, including liquidation in bankruptcy or other proceedings under the Bankruptcy Code, shall be charged against or recovered from the Collateral (including Cash Collateral) pursuant to section 506(c) of the Bankruptcy Code or any similar principle of law or equity, without the prior written consent of the Administrative Agent (acting at the direction of the Lenders), and no such consent shall be implied from any other action, inaction, or acquiescence by the Secured Parties, and nothing contained in this Final Order shall be deemed to be a consent by the Secured Parties to any charge, lien, assessment or claim against the Collateral under section 506(c) of the Bankruptcy Code or otherwise.

Final Cash Collateral Order at ¶ 7.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Final Order (I) Authorizing the Debtor to Use Cash Collateral; (II) Granting Adequate Protection; and (III) Granting Related Relief [Doc. 98] (the "<u>Final Cash Collateral Order</u>").

3. The B. Riley Employment Application seeks approval of a Success Fee; however, the terms of the Engagement Letter and the calculation of the Success Fee are unclear. In particular, while Marco International Corp. was designated as a Stalking Horse Bidder, the structure of the Stalking Horse Bid was such that it is unclear whether B. Riley is asserting entitlement to payment on an Incremental Value or otherwise. The Administrative Agent attempted to obtain clarification on the estimated amount of the Success Fee prior to filing this Limited Objection; however, neither B. Riley nor the Debtor would provide a response to the inquiries and an estimate of the Success Fee prior to the objection deadline.

4. The Final Cash Collateral Order prohibits the use of the Property to satisfy the Success Fee or to satisfy any other fees and expenses of any estate professional above and beyond the Carve-Out unless expressly agreed to in writing by the Administrative Agent.

5. The Administrative Agent objects to the allowance and payment of the undetermined Success Fee to the extent that B. Riley seeks payment of the same from any of the Property subject to liens or other encumbrances securing all or any portion of the Obligations and/or the Adequate Protection Obligations of the Secured Parties except to the extent set forth in the Carve-Out. The Administrative Agent reserves all rights to assert objections regarding the allowance and payment of the Success Fee or any other fees or expenses sought by B. Riley on any other grounds in any application seeking allowance and payment of the same.

## CONCLUSION

For the foregoing reasons, the Court should disapprove the Application to the extent that it seeks approval of a Success Fee in violation of the Final Cash Collateral Order, and grant such other and further relief in favor of the Administrative Agent as is just and necessary.

Date: November 25, 2020                Respectfully submitted,

*/s/ Steven R. Rech*
Steven R. Rech, Esq.
Kari B. Coniglio, Esq. (Admitted pro hac vice)
Jeffrey W. Bieszczak, Esq. (Admitted pro hac vice)
**VORYS, SATER, SEYMOUR AND PEASE LLP**
909 Fannin Street, Suite 2700
Houston, TX 77010
Telephone: (713) 588-7017
Facsimile: (713) 588-7090
E-mail: srech@vorys.com

*Counsel for U.S. Bank National Association, as administrative agent*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *U.S. Bank National Association's Limited Objection to Debtor's Application for Entry of an Order Authorizing the Retention and Employment of GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services as Financial Advisor, Effective as of October 5, 2020 [Doc. 109]* was filed electronically on November 25, 2020. Notice of this filing will be sent to all parties registered to receive such notice by operation of the Court's electronic filing.

                                               */s/ Steven R. Rech*
                                               Steven R. Rech, Esq.