IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: <br><br> EAGLE PIPE, LLC,[1] <br><br> Debtor. | § <br> § <br> § <br> § <br> § <br> § | Chapter 11 <br><br> Case No. 20-34879 (MI) |

**DECLARATION OF ARISH GUPTA IN SUPPORT OF THE SALE OF
SUBSTANTIALLY ALL ASSETS OF EAGLE PIPE TO EAGLE ACQUISITION
COMPANY AND ASSOCIATED SETTLEMENTS**

Arish Gupta declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. My name is Arish Gupta. I am over the age of eighteen and am fully competent to make this Declaration. I have never been convicted of a felony or crime of dishonesty or moral turpitude.

2. I have personal knowledge of the facts stated herein.

3. I am the President of Centric Pipe, LLC, a party-in-interest in this case and also President of the Purchaser, Centric's affiliate Eagle Acquisition, LLC.

4. As the President of the Purchaser, I have the authority to enter into the sale transaction described in the Sale Notice.[2] I have the full power and authority to execute, deliver, and consummate the APA and all other documents contemplated thereby.

5. As the President of Centric and the Purchaser, I participated with the assistance of legal counsel in the auction conducted by the Debtor and the Debtor's financial advisor in accordance with the provisions of the Bid Procedures Order approved by the Court.

---

[1] The last four digits of Debtor's federal tax identification number are (1119).
[2] Unless otherwise indicated in this Declaration, capitalized terms not otherwise defined in this Declaration have the meaning ascribed in the Declaration of Jared Light in Support of the Sale and Settlement with EP Acquisition Company, LLC [Docket No. --].

6. As part of the auction process, I submitted a proposed asset-purchase agreement that contemplated the purchase of substantially all of the Debtor's assets. The APA included consideration for the Debtor's inventory and accounts receivable as well as for certain releases with respect to the Centric Claims (as defined in the APA), Seller Claims (as defined in the APA), and potential claims and causes of action against employees of the Debtor who are to become Hired Employees (as defined in the APA) of the Purchaser.

7. The APA, including the settlement of claims and related releases, was negotiated without collusion, in good faith, and at arms' length among the Debtor, the Purchaser and the Administrative Agent.

8. The settlements of claims and related releases are an integral part of the APA.

9. The Purchaser is not an "insider" or "affiliate" of the Debtor as those terms are defined in the Bankruptcy Code. Neither the Purchaser nor any of its affiliates or agents have any connection or agreements with the Debtor, and neither the Debtor nor the Purchaser has engaged in any conduct that would cause or permit the application of Bankruptcy Code § 363(n) to the Transaction, including voiding the Transaction or APA or any of the transaction documents and related instruments contemplated thereunder.

10. The Purchaser is purchasing the Acquired Assets in good faith and is a good faith purchaser within the meaning of Bankruptcy Code § 363(m). The Purchaser has proceeded in good faith in all respects in connection with the sales process, including, but not limited to, complying with the provisions in the Bid Procedures Order and disclosing all agreements and all payments to be made by the Purchaser with respect to the transactions set forth in the APA. The Purchaser is therefore entitled to all of the protections afforded under Bankruptcy Code § 363(m).

11. The Purchaser would not have entered into the APA and will not consummate the transaction described therein (thus adversely affecting the bankruptcy estate and its creditors) if the Acquired Assets are not sold free and clear of any and all liens, claims and encumbrances, including the liens asserted by the Pre-petition Lenders.

12. The Purchaser has the financial ability to close on the Sale.

13. If the Court approves the Sale on the terms contained in the APA and the proposed Sale Order, the Purchaser intends to close on the Sale on or before the Outside Date (as defined in the APA).

[Remainder of the page left blank; Signature to follow]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, on this 29th day of November, 2020.

                                                  */s/ Arish Gupta*
                                                  Arish Gupta