ENTERED
12/30/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EP LIQUIDATION, LLC, | ) | Case No. 20-34879 |
| | ) | |
| Debtor. | ) | Judge Marvin Isgur |
| | ) | |

**STIPULATION AND AGREED ORDER REGARDING RESERVED FUNDS**

EP Liquidation, LLC f/k/a Eagle Pipe, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), and U.S. Bank National Association, in its capacity as administrative agent (in such capacity, the "Administrative Agent") for itself and the Secured Parties,[1] enter into this stipulation and agreed order ("Stipulation and Agreed Order") as follows:

WHEREAS, on October 5, 2020, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code;

WHEREAS, on October 30, 2020, the Court entered the *Final Order (I) Authorizing the Debtor to Use Cash Collateral; (II) Granting Adequate Protection; and (III) Granting Related Relief* (the "Final Cash Collateral Order") [Doc. 98] authorizing the Debtor's use of the Secured Parties' cash collateral on the terms and conditions set forth in the Final Cash Collateral Order, including the Budget (as used herein, as defined in the Final Cash Collateral Order) incorporated therein by reference;

WHEREAS, on November 30, 2020, the Court entered the *Order Approving the Sale of Substantially all of the Debtor's Assets Free and Clear of Liens, Claims, and Interests* [Doc. 181] (the "Sale Order");

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the *Order Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of Liens, Claims, and Interests* (the "Sale Order") [Doc. 181].

1

013017.4852-7437-2309.3

WHEREAS, on December 11, 2020, the Debtor closed the Sale (as defined in the Sale Order), resulting in the sale and transfer of substantially all of its assets to the Purchaser (as defined in the Sale Order) in accordance with the Sale Order;

WHEREAS, the closing of the Sale resulted in the occurrence of a Termination Event under the terms of the Final Cash Collateral Order;

WHEREAS, on December 11, 2020, the Administrative Agent issued a Notice Regarding Occurrence of Termination Event, resulting in the termination of the Debtor's authority to use cash collateral as set forth in the Final Cash Collateral Order;

WHEREAS, the Sale Order required the Debtor to transfer to the Administrative Agent, not later than December 15, 2020, all Net Cash (as defined in the Sale Order), less the Reserved Funds (also as defined in the Sale Order);

WHEREAS, on December 16, 2020, the Debtor transferred $1,291,207.90 from its deposit accounts to the Administrative Agent, and, on December 22, 2020, the Debtor transferred an additional $250,000.00 from its deposit accounts to the Administrative Agent, collectively representing the Debtor's calculation of Net Cash based upon the Debtor's calculation of the Reserved Funds;

WHEREAS, the Administrative Agent disputes the Debtor's calculation of the Reserved Funds and the resulting calculation of the Net Cash;

WHEREAS, the Debtor and the Administrative Agent have reached an agreement regarding the maintenance and sequestration of the disputed portion of the Reserved Funds pending further resolution of the parties' disputes, subject to the terms set forth below.

013017.4852-7437-2309.3

NOW, THEREFORE, in consideration of the foregoing recitals, which are incorporated into this Stipulation and Agreed Order, the Debtor and the Administrative Agent hereby stipulate and agree as follows:

1. The Debtor shall segregate the disputed Reserved Funds in the amount of $250,000.00 (the "Disputed Reserved Funds") into the U.S. Bank National Association deposit account maintained in the Debtor's name and known as Account No. XXXX-XXXX-7166 (the "Disputed Reserve Account"), not later than twenty-four (24) hours after the filing of this Stipulation and Agreed Order.

2. Before making any disbursement from the Disputed Reserve Account, the Debtor shall provide written notice to the Administrative Agent, through its professionals, including: (a) the proposed payee; (b) the proposed amount of the disbursement; and (c) any explanation or documentation available to the Debtor supporting the proposed disbursement (a "Disbursement Notice").

3. The Administrative Agent shall notify the Debtor, through its professionals, of any objection to each proposed disbursement, no later than three (3) business days of receipt of Disbursement Notice, by sending a written objection to the Debtor and its professionals identifying the amount and payee of each proposed payment that is in dispute and the basis of the objection to the payment (each a "Disputed Disbursement" and, collectively, the "Disputed Disbursements"). The Administrative Agent may affirmatively consent to Disbursement Notice before the end of the objection period described herein. If no timely Disputed Disbursement notice is given, the Debtor shall become authorized to make the disbursement described in the Disbursement Notice from the Disputed Reserve Account without further notice or order.

013017.4852-7437-2309.3

4. In the event of timely Disputed Disbursement notice from the Administrative Agent, the Administrative Agent and the Debtor shall work in good faith to resolve any ongoing dispute as to the Disputed Disbursements. In the event that no resolution has been reached within 14 calendar days following the Disbursement Notice, the Debtor shall become authorized to make the proposed disbursement from the Disputed Reserve Account, *unless* otherwise ordered by the Court. The Administrative Agent may seek emergency relief from the Court, and the Debtor shall consent to an expedited hearing on no less than two days' notice.

5. Except as expressly provided herein, nothing in this Stipulation shall be construed as a modification of the Cash Collateral Order or Sale Order.

6. This Stipulation and Agreed Order shall be binding on, and inure to the benefit of, any successor in interest to the Debtor, including any chapter 7 trustee appointed in this Case.

7. The Court shall retain jurisdiction to enforce the provisions of this Stipulation and Agreed Order, and this Court shall retain jurisdiction over all matters pertaining to the implementation, interpretation and enforcement of this Stipulation and Agreed Order.

Signed: December 30, 2020

_____
Marvin Isgur
United States Bankruptcy Judge

013017.4852-7437-2309.3

**AGREED TO AND SUBMITTED THIS 28TH DAY OF DECEMBER, 2020:**

| | |
|---|---|
| **GRAY REED** | **VORYS, SATER, SEYMOUR AND PEASE LLP** |
| 1300 Post Oak Blvd., Suite 2000 | 909 Fannin Street, Suite 2700 |
| Houston, Texas | Houston, TX 77010 |
| 77056 Telephone:  (713) 986-7000 | Telephone: (713) 588-7017 |
| Facsimile:  (713) 986-7100 | Facsimile: (713) 588-7090 |
| | |
| By:  /s/ *Aaron M. Kaufman* | By:  /s/ *Kari B. Coniglio* |
| Paul D. Moak Texas Bar No. 00794316 | Steven R. Rech, Esq. |
| Aaron M. Kaufman Texas Bar No. 24060067 | Kari B. Coniglio, Esq. (Admitted pro hac vice) |
| Lydia R. Webb Texas Bar No. 24083758 | Jeffrey W. Bieszczak, Esq. (Admitted pro hac vice) |
| Email:  pmoak@grayreed.com | E-mail: srech@vorys.com |
| akaufman@grayreed.com | kbconiglio@vorys.com |
| lwebb@grayreed.com | jwbieszczak@vorys.com |
| | |
| COUNSEL TO THE DEBTOR | COUNSEL TO THE ADMINISTRATIVE AGENT |

013017.4852-7437-2309.3